In the Matter of EDWARD M. NASH, Respondent, against
PAUL B. BROOKS et al., Individually and as Members
of the Medical Board of the New York State Employees'
Retirement System, et al., Appellants.

Argued October 1, 1937; decided November 23, 1937.

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig* of counsel), for appellants.   Certiorari lies only to review a final determination and there has been no final determination here.   (*Matter of Reed* v. *Bd. of Standards & Appeals,* 255 N. Y. 126; *People ex rel. Pennsylvania Gas Co.* v. *P. S. Comm.,* 181 App. Div. 147; *People ex rel. Oyster Bay* v. *Woodruff,* 64 App. Div. 239; *Matter of Haase* v. *Elmira,* 206 App. Div. 14; *People ex rel. Cohen* v. *York,* 43 App. Div. 138; *Matter of Weeks,* 97 App. Div. 131; *Matter of Hall* v. *Hood,* 121 Misc. Rep. 572.)   Certiorari lies only to review judicial or quasi-judicial acts and the action here sought to be reviewed is not of that character.   (*People ex rel. Graves* v. *Sohmer,* 207 N. Y. 450; *Matter of Daley* v. *Byrne,* 250 App. Div. 666; *Matter of Morgan* v. *Smith,* 224 App. Div. 203; *Matter of Sollecito* v. *Moss,* 161 Misc. Rep. 168; *Matter of Armstrong* v. *Murphy,* 65 App. Div. 126; *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Steward* v. *Railroad Comm.,* 160 N. Y. 202; *Matter of Kundel* v. *Greene,* 236 App. Div. 607; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 N. Y. 382; *Matter of Standard Bitulithic Co.,* 212 N. Y. 179; *People ex rel. Uvalde A. P. Co.* v. *Seaman,* 217 N. Y. 70; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *People ex rel. Mayor* v. *McCarthy,* 102 N. Y 630; *People ex rel. Argus Co:* v. *Hugo,* 101 Misc. Rep. 481.)   The Appellate Division, through the medium of the wholly inapplicable remedy of certiorari, has erroneously taken to itself ministerial functions vested in the medical board and the Comptroller by statute.   (*Niagara Falls P. Co.* v. *Water P. & C. Comm.,* 267 N. Y. 265; *Matter of Fitzpatrick* v. *N. Y. State Teachers' Retirement Board,* 212 App. Div. 760; 241 N. Y. 515.)

*John J. Donohue, Edward N. Scheiberling* and *John M. Schneider* for respondent.   Determinations made by the medical board of the New York State Employees' Retirement System on application for accidental disability

retirement under section 65 of the Civil Service Law (Cons. Laws, ch. 7) are reviewable by certiorari. (*New York Edison Co.* v. *Maltbie*, 242 App. Div. 874; 244 App. Div. 685; 271 N. Y. 103; *People ex rel. C. P., N. & E. R. R. R. Co.* v. *Willcox*, 129 App. Div. 267; 194 N. Y. 383; *People ex rel. Toms* v. *Board of Supervisors*, 199 N. Y. 150; *Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346.) The mere fact that the medical board is not expressly required by statute to hold hearings on applications for accidental disability retirement does not prevent review of its determinations by certiorari. (*People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *People ex rel. Steward* v. *Railroad Commrs.*, 160 N. Y. 202; *People ex rel. Loughran* v. *Railroad Commrs.*, 158 N. Y. 421; *Matter of New York Edison Co.* v. *Maltbie*, 271 N. Y. 103.) The medical board had no power or authority to find that petitioner was not incapacitated as the result of an accident sustained in service, and its determination herein, having been based upon such illegal and erroneous finding, was properly annulled. (*Matter of Slattery* v. *Board of Estimate & Apportionment*, 271 N. Y. 346.) The provisions of the order of the Appellate Division directing the medical board to certify petitioner for retirement pursuant to the provisions of section 65 of the Civil Service Law are correct and proper, and should be sustained. (*Matter of Slattery* v. *Board of Estimate & Apportionment*, 246 App. Div. 296; 271 N. Y. 346.)

HUBBS, J. Petitioner made application for a certiorari order to review a determination of the medical board of the New York State Employees' Retirement System and the New York State Employees' Retirement System, by which determination the board decided that petitioner was ineligible for a retirement allowance based upon an alleged accidental injury. The certiorari order was granted *ex parte* at Special Term and later vacated. Petitioner appealed to the Appellate Division from the Special Term order vacating the certiorari order and,

a return having been made in the meantime, that court heard the appeal from the order which vacated the certiorari order and at the same time heard the certiorari on the merits. It reversed the order of the Special Term vacating the certiorari order and decided on the merits that the determination of the medical board as to ineligibility of the petitioner for a retirement allowance because of such alleged injury should be annulled and remitted the matter to the New York State Employees' Retirement System with a direction to disregard the findings of the medical board to the effect that petitioner's incapacity was not the result of an accident and to grant a retirement allowance, based on the findings of the State Industrial Board, dated January 27, 1936, pursuant to which a compensation award had previously been made to petitioner.

The petitioner, who is a member of the New York State Employees' Retirement System, at the time of the alleged accident was and for several years prior thereto had been in the employ of the State Insurance Fund as a medical examiner. On June 3, 1935, he was examining a patient in the office of the State Insurance Fund and, while assisting the patient to arise from the examining table, felt a sharp, sticking pain in the chest and neck, was unable to breathe and collapsed. Claiming such accident to have caused angina pectoris, he filed a claim under the Workmen's Compensation Law (Cons. Laws, ch. 67). The Industrial Board, on January 27, 1936, found that the accident caused the attack and arose out of and in the course of the employment. It made an award covering the period from June 3, 1935, to January 3, 1936, and ordered a continuation pending an examination by an expert as to whether the disability, if any, thereafter was temporary or permanent, partial or total. On June 19, 1936, petitioner applied to the New York State Employees' Retirement System for accidental disability retirement, pursuant to the provisions of chapter 741 of the Laws of 1920, and amendments thereto.

(Civil Service Law [Cons. Laws, ch. 7], art. 4.) The application was referred to the medical board of the system, pursuant to section 65 of that law, which provides: " § 65. Accidental disability retirement. Medical examination of a member under sixty years of age in service for accident disability and investigation of all statements and certifications by him or on his behalf in connection therewith shall be made upon the application of the head of the department in which said member is employed, or upon the application of said member or a person acting in his behalf stating that said member is physically or mentally incapacitated for the performance of duty as a natural and proximate result of an accident sustained in service as a member and certifying the time, place and conditions of such service performed by said member resulting in such alleged disability, and that such alleged disability was not the result of wilful negligence on the part of said member and that said member should therefore be retired.   *   *   *   If such medical examination and investigation show that the said member is physically or mentally incapacitated for the performance of service as a natural and proximate result of an accidental injury received in such service while a member and that such disability was not the result of wilful negligence on the part of said member and that such member should be retired, the medical board shall so certify to the comptroller, stating the time, place and conditions of such service performed by said member resulting in such disability and the comptroller shall retire the said member for accident disability within ninety days after the execution and filing of application therefor with the comptroller.   *   *   *."

That Board, after investigation, certified to the Comptroller that there " is not sufficient evidence to warrant the conclusion that [the petitioner] is incapacitated as a natural and proximate result of an accident sustained in service and in the performance of duty of the member."

Thereupon the Comptroller advised the petitioner that, in view of the report of the medical board, he was unable to retire petitioner for accident disability.

It is impossible to determine from the report of the medical board whether it intended to find that petitioner was not incapacitated or that he was incapacitated but from a cause other than the accident in question.

The duty of the medical board is prescribed by statute. Subdivision 2 of section 55 of the Civil Service Law provides: " 2. The medical board shall arrange for and shall pass upon all medical examinations required under the provisions of this article, shall investigate statements and certifications by or on behalf of a member in connection with application for disability retirement, and shall report to the comptroller its conclusions and recommendations thereon."

It must determine whether a petitioner is incapacitated; if incapacitated, whether as the result of an accident sustained in the service, and whether the petitioner has been guilty of willful negligence. (Civil Service Law, § 65.)

The Comptroller has no discretion with respect to the retirement of applicants. If the medical board certifies that a member is entitled to retirement, the Comptroller must retire him. If it fails to so certify, he has no authority to retire the applicant.

The order of the Appellate Division, in remitting the matter to the New York State Employees' Retirement System with instructions to disregard the finding of the medical board and grant a retirement, has the effect of determining questions, undetermined by the medical board, the primary duty of determining which have, by statute, been vested in that board. That a court may not do. (*Matter of Fitzpatrick* v. *New York State Teachers' Retirement Board*, 212 App. Div. 760; affd., 241 N. Y. 515.)

It is necessary, therefore, that the order be modified by substituting for the instructions given a direction

resubmitting the matter to the medical board with directions to make a report in accordance with the provisions of the statute. The adjudication of the Industrial Board that petitioner's injury was accidental and arose out of and in the course of his employment is binding upon the medical board. (*Matter of Slattery* v. *Board of Estimate & Apportionment,* 271 N. Y. 346.)

The medical board is precluded from finding that there was no accidental injury arising out of and in the course of petitioner's employment, but it still has the burden of determining the question of incapacity, or whether the incapacity, if existent, resulted from the particular accident or from some other cause.

It is urged on the part of the appellants that certiorari does not lie for the reason that the determination is not final. This objection may be disregarded. (Civil Practice Act, § 111.)

It is also contended that certiorari lies only to review judicial or quasi-judicial acts and that the action here sought to be reviewed is not of that character. The determination made affected substantial rights and was not merely the promulgation of administrative regulations. It was, therefore, quasi-judicial in character. (*Matter of N. Y. Edison Co.* v. *Maltbie,* 271 N. Y. 103.)

Finally, appellant urges that the proceeding is not maintainable because the determination sought to be reviewed was that of the medical board and the Comptroller alone could retire an applicant. The answer is, of course, that the statute places the issue to be determined with the medical board and delegates to the Comptroller only an administrative duty, mandatory in nature and dependent upon the determination of the medical board.

The order of the Appellate Division, reversing the order of the Special Term which vacated the order of certiorari, should be affirmed, and its order annulling the determination of the medical board modified in so far as it

directs the medical board to certify petitioner's incapacity and directs petitioner's retirement by the New York State Employees' Retirement System by substituting a direction to said board that it reconsider the application and certify its findings in accordance with the requirements of the statute and that upon receipt of such report, the defendant New York State Employees' Retirement System take such action relative to the retirement of petitioner as the facts thus determined may require.

The order should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY JJ., concur.

Ordered accordingly.