In the Matter of the Application of TIMOTHY J. SULLIVAN, Petitioner, for a Certiorari Order against THE BOARD OF ESTIMATE AND APPORTIONMENT OF THE CITY OF NEW YORK, Respondent.*

First Department, April 1, 1938.

* See, also, *Matter of Sullivan* v. *Bd. of Est., etc., of City of N. Y.* (253 App. Div. 651).

*Charles K. Finch,* for the petitioner.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondent.

PER CURIAM. It appears from the return herein that the decision and findings of the Industrial Board, made on June 13, 1935, in a proceeding by petitioner for workmen's compensation, were not before the medical board of the New York City Employees' Retirement System when they made their decision on October 23, 1936, upon which was based the denial of an accident retirement allowance.

The medical board said that they failed to connect the attack which the petitioner suffered on February 16, 1935, with his work, or the alleged accident as a causative factor.

The finding of the Industrial Board was that the petitioner had sustained an accidental injury on February 16, 1935, arising out of and during the course of his employment, and that causal relation was established between the accident and the employment.

The medical board of the New York City Employees' Retirement System in its report held: " In the opinion of the board, the collapse of the claimant on February 16, 1935, was caused by a chronic ailment and not the result of accidental injury in City service while a member and while in the performance of duty."

In *Matter of Nash* v. *Brooks* (276 N. Y. 75, at p. 82) the Court of Appeals said:

" The adjudication of the Industrial Board that petitioner's injury was accidental and arose out of and in the course of his employment is binding upon the medical board. (*Matter of Slattery* v. *Board of Estimate & Apportionment,* 271 N. Y. 346.)

" The medical board is precluded from finding that there was no accidental injury arising out of and in the course of petitioner's employment, but it still has the burden of determining the question of incapacity, or whether the incapacity, if existent, resulted from the particular accident or from some other cause."

From the present record it is not clear whether the medical board intended to find that the petitioner was not incapacitated, or that he was incapacitated, but from a cause other than the accident in question.

The determination should be annulled and the matter remitted to the board of estimate and apportionment, with a direction that the medical board of the New York City Employees' Retirement System reconsider the application of petitioner and certify its findings in accordance with the requirements of the statute,

and in the light of the findings of the Industrial Board, and that, upon receipt of such report, the respondent take such action relative to the retirement of petitioner as the facts thus determined may require.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Determination unanimously annulled and the matter remitted to the board of estimate and apportionment, with the direction as stated in opinion. Settle order on notice.