In the Matter of the Application of JOHN G. NILSSON, Petitioner, Respondent, against FIORELLO H. LAGUARDIA, as Mayor of the City of New York, and Others, Constituting the Board of Estimate and Apportionment of the City of New York and the Trustees of the New York City Retirement System, Appellants.

First Department, March 15, 1940.

*James Hall Prothero* of counsel [*Seymour B. Quel* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellants.

*Jacob Zelenko,* for the respondent.

COHN, J.   The petitioner, John G. Nilsson, who was sixty-six years of age at the time of the commencement of this proceeding, was employed as a bridge painter by the department of plant and structures of the city of New York.   He joined the New York City Employees' Retirement System on March 18, 1924.   Two months later, while at work on a bridge, he sustained a fracture of the left leg.   For this injury, which was caused by the negligence of a railway company, he prosecuted an action and ultimately settled his claim against it for a substantial sum.   After an absence on sick leave for over a year due to the accident, he returned to his position and worked without any serious interruptions right up to January, 1938.   He claims to have been hurt again in the course of his employment, on May 3, 1934, receiving bruises to his right leg and, as he asserts, an aggravation of the old injury to his left leg.   This accident kept him from work for a period of about four days.

On March 3, 1933, he applied for accident disability retirement claiming disability as a result of the 1924 accident.   This application was denied by defendants upon recommendation of the duly constituted medical board of the Retirement System.   He made a second application upon the same ground on June 6, 1934, which was likewise denied.   On April 6, 1938, he filed a third request, this time basing his claim upon the accident of May, 1924, as affected by the later injury of May 3, 1934.   The last application was denied by defendants pursuant to the advice of the medical board, upon the ground that, *inter alia,* the petitioner had continued to do his work since the time of the several accidents alleged and that he was not presently physically disabled as the result of injury in the performance of duty.

After the denial of his third application for accident disability allowance, Nilsson, upon his own request filed August 31, 1938, was retired for ordinary disability.   For the purpose of obtaining the higher pension granted for accidental disability retirement, petitioner instituted this proceeding under article 78 of the Civil Practice Act,

asserting that denial by defendants, on July 5, 1938, of his application was " arbitrary, capricious and palpably illegal," and praying for an order directing defendants to retire him for accidental disability and granting him the allowances therefor provided by law. The Special Term granted an alternative order directing a trial of the issues of fact pursuant to section 1295 of the Civil Practice Act. A trial was had before the court without a jury and resulted in a final order overruling the determination of the board of estimate and apportionment and directing the payment of full accidental disability allowance to petitioner from July 5, 1938. From each of these two orders this appeal is taken.

The question as to whether an employee of the New York City Employees' Retirement System has become physically incapacitated for the performance of duty as the result of an accident incurred in service must be determined by the statutory medical board. (Greater N. Y. Charter, § 1705, now N. Y. City Administrative Code, § B3–13.0, p. 25.) The board of estimate and apportionment of the city of New York is bound by the determination of its own medical board on this issue. (Greater N. Y. Charter, §§ 1714 and 1715, now N. Y. City Administrative Code, §§ B3–40.0 and B3–44.0, pp. 35, 38; *Matter of Nash* v. *Brooks*, 276 N. Y. 75.) In construing an analogous statute with respect to the retirement of employees who were members of the New York State Employees' Retirement System (Laws of 1920, chap. 741, and amendments thereto; Civil Service Law, §§ 55 and 65), the Court of Appeals in *Nash* v. *Brooks* (*supra*), at pages 81 and 82, held that the law places with the statutory medical board the determination of the issues as to whether a member of the retirement system is incapacitated, and if so, whether such incapacity is the result of an accident sustained in the service, and delegates to the retiring body (the board of estimate and apportionment in the case at bar) " only an administrative duty, mandatory in nature and dependent upon the determination of the medical board."

The proof in the present case showed that the medical board had based its report upon a physical examination of petitioner and upon all available departmental and hospital records. Petitioner suffered a deformity of his left leg as a result of the accident in 1924 but this deformity did not disable him since he worked for fourteen years after the injury had completely healed. The alleged injury received in 1934 (consisting of bruises), which is claimed to have aggravated the earlier injury, was of such minor significance that it required petitioner to remain away from work for only four days. The accident report by the foreman listed no witnesses and petitioner's claim was grounded solely on his own testimony. The medical

board unanimously certified that petitioner was not disabled as the result of an injury received in the performance of his duty, but found that he was suffering from generalized arteriosclerosis.

At the trial, the one member of the board called as a witness by defendants testified that Nilsson's present condition was due to the infirmities of old age and not to the injury received in 1924 as aggravated by the injury received ten years later. Petitioner's own physician, called as a witness, stated that his patient had arteriosclerosis; he also testified that it would not be unreasonable for medical men to find that petitioner was not disabled in 1934 from the accident which had occurred in 1924 and that the subject was one upon which medical men might reasonably differ.

There was produced no evidence of fraud, bad faith, accident or mistake. The medical board's conclusion that petitioner was not disabled as the result of an accidental injury received in the city service was amply supported by competent evidence adduced before that body. In such case, the determination of the administrative body based upon the report of the medical board may not be disturbed. (*Matter of Rosenberg* v. *Board of Estimate,* 257 App. Div. 839; affd., 281 N. Y. 835; *Matter of Sullivan* v. *Board of Estimate,* 256 App. Div. 964; affd., 281 N. Y. 766; *Matter of Doherty* v. *McElligott,* 258 App. Div. 257.) A mere difference in medical opinion of physicians produced by petitioner on the one hand and physicians of the medical board on the other, as to the nature and cause of petitioner's disability, does not justify a conclusion that the decision made by the board of estimate acting on the advice of its own medical board was arbitrary, capricious or unreasonable. (*Matter of Strauss* v. *Hannig,* 256 App. Div. 662, 664; affd., 281 N. Y. 612; *Matter of Schwab* v. *McElligott,* 282 id. 182.) On facts such as those presented here, neither the court nor a jury may substitute its judgment for that of the statutory medical board which is legally empowered to make the determinations of the relevant medical questions here involved. (*Matter of Albano* v. *Hammond,* 268 N. Y. 104; *Matter of Kelly* v. *Morgan,* 245 App. Div. 59; affd., 272 N. Y. 666.)

We do not say that petitioner is necessarily bound by the findings of the medical board on the questions here involved. If he had shown that its findings were not amply sustained by competent evidence or that they were, or must have been, due to fraud, bad faith, accident or mistake, there would have been a basis for judicial relief. In this record we find no such proof.

Defendants are designated by statute as trustees in the disposition and management of the funds in the Retirement System. (Greater N. Y. Charter, § 1706, now N. Y. City Administrative Code,

§§ B3–22.0, B3–24.0, p. 29.) The action of defendants, supported by a *bona fide* certificate of the statutory medical board, in refusing to pay out these trust funds upon petitioner's claim, may not be construed as arbitrary, particularly where, as here, the evidence amply supports the medical board's findings. (*Matter of Nash* v. *Brooks, supra,* p. 82.)

In *Matter of Hodgins* v. *Bingham* (196 N. Y. 123) there is nothing found which is at variance with the views here expressed. The Court of Appeals in that case held that the certificate of a police surgeon was not final and conclusive evidence of the disability of a member of the New York police force, where the order for his retirement was made in opposition to his wishes and to his claim that he was possessed of good health and fully able to discharge all the duties of his position and that the certificate was wrong and false. The court ruled that petitioner had the right to have tried and determined the issue of fact as to whether the certificate was in fact wrong and false. In *Matter of Wargo* v. *LaGuardia* (252 App. Div. 746) the facts are entirely dissimilar to those found in this issue. There it was clearly established that the determination of the medical board was not supported by sufficient competent evidence.

As there was no proof at the trial that the determination of the medical board or that of defendants was arbitrary or capricious, the petition should have been dismissed upon the merits at the close of the whole case. The intermediate order of the Special Term which directed a trial of the issues of fact was proper.

The order entered November 28, 1938, directing a trial of the issues should be affirmed, and the order entered March 27, 1939, directing defendants to retire petitioner for accidental disability should be reversed and the petition dismissed, with costs and disbursements to the appellants.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; O'MALLEY, J., dissents and votes to affirm.

O'MALLEY, J. (dissenting). Having alleged that the action of the medical board of the New York City Retirement System in its determination was arbitrary and capricious, petitioner was properly granted an alternative writ to the end that it might be determined upon a full adducement of the facts whether he was actually disabled and, if so, whether such disability was service-incurred. He was not bound by the certificate of the medical board to that effect. (*Matter of Hodgins* v. *Bingham,* 196 N. Y. 123. See, also, *Matter of Wargo* v. *LaGuardia,* 252 App. Div. 746.)

Petitioner at all times from his first injury contended that he had been disabled by reason of service-incurred injuries. He evidenced

his sincerity by making four applications for retirement on this ground and upon the ground that a second accident had aggravated the disabilities occasioned by the first.

So far as an employee is concerned, at least, he should not be conclusively bound by the certificate of some administrative board whose findings might be predicated upon the flimsiest evidence and without the right of the employee to introduce his own testimony much less to cross-examine the members of the board into whose hands his fate has been committed.

So far as the employee here is concerned, the finding of the medical board was tantamount merely to the opinion of experts. Their conclusion was controverted by other evidence and, under such circumstances, there was raised a question for the jury. (*Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451.) The erroneous conclusion of the medical board was a mistake of fact.

The question here is not whether, under the sections of the Administrative Code, the finding of the medical board must be accepted by municipal bodies or officers, but whether the employee whose fate is at stake is bound.

Petitioner upon the trial was clearly shown to be disabled and, in my opinion, there was sufficient proof to rebut the determination and finding of the medical board that the disability was not service-incurred.

The cases cited in the prevailing opinion are not here controlling. In *Matter of Rosenberg* v. *Board of Estimate* (281 N. Y. 835) the Court of Appeals merely held that, on the pleadings as presented, the Appellate Division had sufficient evidence without further adducement of facts for its decision that there was no service-incurred disability. In the case before us the pleadings raised issues properly determinable only after a trial. In *Matter of Sullivan* v. *Board of Estimate* (281 N. Y. 766), the record on the second appeal therein disclosed that the medical board had fully inquired into the matters and that its findings were corroborated by the treatment and diagnosis given by the petitioner's attending physician. Under such circumstances, of course, there was insufficient evidence to rebut the certificate of the medical board.

I, accordingly, dissent and vote for affirmance.

Order entered November 28, 1938, directing a trial of the issues, affirmed, and order entered March 27, 1939, directing defendants to retire petitioner for accidental disability, reversed and the petition dismissed, with costs and disbursements to the appellants.