MAYBEL NEWBRAND, Respondent, v. THE CITY OF YONKERS and JOHN J. CONDON, Mayor, RAYMOND J. WHITNEY, Acting Commissioner of Public Safety, and GUSTAV W. KLEIN, JR., Deputy Comptroller, Constituting the Board of Trustees of the Police Pension Fund of the City of Yonkers, Appellants.— In a proceeding commenced to review a determination of the board of trustees of the police pension fund of the city of Yonkers denying an application for a pension in accordance with the provisions of subdivision 2, section 4 of Local Law No. 1, 1931, of the City of Yonkers, order vacating determination of the appellants and directing payment of an annual pension to the widow of a deceased policeman at a sum equal to one-half of decedent's annual salary at the time of his death, reversed on the law, with ten dollars costs and disbursements, and proceeding dismissed on the merits, without costs. Upon all the proof, it appears that no more than an issue of fact was presented for determination by the appellants as to whether or not decedent's death in 1938 was caused by injuries sustained in 1926. From the testimony and affidavits of Dr. McCormick, a police surgeon who attended decedent at the time of his injury in 1926, and during the course of the twelve years which intervened thereafter to the time of death, it appears that decedent did not complain of, nor was he treated for, injury in the region of the gall bladder at the time of the accident in 1926, and that the testimony of an interne and of petitioner to the contrary is untrue. The petitioner is contradicted in her testimony that a doctor who testified on her behalf had inquired as to whether or not decedent had received a serious blow. This doctor also admitted that the adhesions could have been caused by infection as well as by trauma. The medical history · of decedent evidences many infections. A medical expert who testified for appel-

lants was of opinion that the injury sustained in 1926 was not the cause of death and that rarely, if ever, would an injury to a gall bladder from trauma occur without injury to the liver, as evidenced by scars which would be discernible at the time of the operation upon decedent. On all the proof there was at least a fair question of fact to be determined by appellants and it cannot be said that the determination made was not within the reasonable exercise of their discretionary power. (*Matter of Rosenberg* v. *Board of Estimate of City of N. Y.*, 257 App. Div. 839; affd., 281 N. Y. 835; *Matter of Nilsson* v. *LaGuardia*, 259 App. Div. 145; *Matter of Eichler* v. *McElligott*, Id. 151.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.