In the Matter of the Application of ERNEST L. SCHWAB, Petitioner, against JOHN J. McELLIGOTT, as Commissioner of the Fire Department of the City of New York, and as Trustee of the New York Fire Department Relief Fund, and JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 19, 1941

*Rubenstein & Rosling* [*George Rosling* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*David DuVivier* of counsel], for the respondents.

PECORA, J. This is an application for an order directing the fire commissioner to restore the petitioner to his former position of lieutenant in the fire department. The petition was dismissed at Special Term, upon motion of respondents, on the ground that it failed to state a good cause of action. This decision was affirmed by the Appellate Division (257 App. Div. 808), but the Court

of Appeals reversed (282 N. Y. 182), pointing out that in view of the failure of the respondents to answer, the allegations of the petition were to be deemed admitted, including the allegation that the report of the board of medical officers to the fire commissioner was not founded on fact and was arbitrary and capricious

Since that time respondents have served an answer denying various material allegations of the petition, and setting up an affirmative defense, to the effect that the findings of the medical board and the determination of the fire commissioner were based on evidence which amply supported the conclusions reached by them.

Petitioner asks for a jury trial of the issues raised, while respondents contend that the answer and the documents made part thereof require the denial of the application without any trial on the ground that they establish that there is at most an honest difference of medical opinion as to the nature and cause of petitioner's disability.

It is well settled that " a mere difference in medical opinion of physicians produced by petitioner on the one hand and physicians of the medical board on the other, as to the nature and cause of petitioner's disability, does not justify a conclusion " that the decision of the fire commissioner, acting on the advice of the medical board of the fire department, was arbitrary, capricious or unreasonable. (See *Matter of Nilsson* v. *LaGuardia*, 259 App. Div. 145, 148.) On the other hand, it is equally well established that petitioner is not " necessarily bound by the findings of the medical board," and that he may obtain relief on a showing " that its findings were not amply sustained by competent evidence or that they were, or must have been, due to fraud, bad faith, accident or mistake." (See *Matter of Nilsson* v. *LaGuardia*, *supra*, p. 148.)

It is well nigh impossible, on the papers now before the court, to determine whether the conclusions reached by those members of the medical board who found adversely to the petitioner were amply supported by competent evidence, as respondents maintain, or were merely arbitrary, whimsical and capricious, without adequate factual basis. The very documents incorporated by reference in the answer reveal that a number of members of the medical board of the fire department believed that some or all of the petitioner's injuries and disabilities were, or might have been, caused or induced by the active performance of his duties; and this appears to be a fair inference from the record submitted to the court. It does not clearly and satisfactorily appear that the contrary conclusion reached by other members of the board rests upon a reasonable basis. In any event, petitioner should be given an opportunity, by means of cross-examination, to probe

into the reasoning which led to the opinions arrived at by the majority of the members of the medical board; only thus may he adequately show, if it be the fact, that said opinions were without sufficient factual or medical foundation.

The court's attention has been directed to a number of cases in which our appellate courts have dismissed similar petitions, on the ground that petitioner had failed to establish that the opinion of the medical board was arbitrary, capricious or unreasonable, but had merely shown that there was a difference in medical opinion. All these determinations, however, were made subsequent to trial. and after petitioner had been afforded an opportunity to establish by cross-examination or otherwise that there was insufficient factual basis for the adverse findings of the medical board. (*Matter of Nilsson* v. *LaGuardia, supra; Matter of Eichler* v *McElligott,* 259 App. Div. 151; affd , 283 N. Y. 716; *Strauss* v. *Hannig,* 281 id 612. See, also, *Maxwell* v *McElligott,* [HOFSTADTER, J.] N Y L. J March 26, 1940, p. 1359, *Siefring* v. *McElligott,* [SCHMUCK, J.] Id. April 19, 1940, p. 1781; *Matter of Phillips* v. *McElligott,* 279 N. Y. 792.)

The motion is accordingly granted to the extent of directing a trial of the issues as to the nature of petitioner's disability, and as to whether the same was caused or induced by the active performance of his duties.

The cross-motion to strike out various paragraphs of the reply and of an affidavit submitted in support thereof is denied. Settle order.