Charles A. Loreto, J.
This is an article 78 proceeding for an order directing the respondents to grant accident retirement disability to petitioner.
The respondents attack this procedure upon the grounds that petitioner, having applied for, and having been awarded ordinary retirement disability, has precluded himself from noiv claiming a right to accident disability retirement.
There is no merit to this objection. There is nothing in the Administrative Code of the City of New York which makes one application mutually exclusive of the other. (See Matter of Nilsson v. La Guardia, 259 App. Div. 145, 146.)
The question raised on the merits is whether the petitioner’s physical disability was the result of an accident incurred in service.
Petitioner had submitted certain proof of working on November 25,1959; moving cartons of printing matter weighing about 70 pounds each; complaining to fellow employees in other divisions of feeling specific pain across his back, the shoulders, the right arm and chest. He further admits that he refused any medical attention and hoped that the ensuing holiday week end of four days would cure the pain. He further states that during the holidays the pain continued but was minimal until the evening of November 29, 1959, when it became severe in the areas where he experienced it while at work on November 25, 1959; that a doctor and a specialist were called and he was removed to the hospital.
*484 Petitioner’s doctors submit that in their opinion the concerted effort of lifting and moving the heavy cartons on November 25, 1959, was a competent producing cause of the injury which they diagnosed as acute myocardial infarction due to coronary thrombosis.
The conclusion of the Medical Board is stated in the affidavit of Dr. Morris Enklewitz, its chairman:
“ The Board prefers to believe the hospital record, because the accident was not reported at the time and a lapse of four days occurred before hospitalization, during which interval this Board has no knowledge of what happened to him.
“ The Board is of the opinion that there is no proven history of a heart attack causally related to the lifting of the boxes as alleged. The Board has also taken into consideration the discrepancy between the petitioner’s story and the hospital record which has been furnished and which is set forth as one of the respondents’ exhibits herein.
‘ ‘ After examining the petitioner and after considering all the medical history and evidence submitted, on December 15, 1960 the Medical Board of the Retirement System certified that the petitioner was not mentally or physically incapacitated for the performance of city service, as a natural and proximate result of an accidental injury received in such city service while a member in the performance of duty within the two years preceding the filing of his application, and recommended that accident disability retirement be denied. ’ ’
After having considered additional evidence submitted by petitioner, he continues in that affidavit:
“ That the alleged episode involving the moving of heavy cartons was not an unusual occurrence in the petitioners daily work. He had stated to the Board that he had lifted many heavy objects previous to this occurrence without suffering any ill effects. He also stated at that time that he was influential in obtaining some psycho-analytical apparatus which is housed at 52 Chambers Street and is a one-man operation in which he himself operates the apparatus and moves it about, and that it is quite heavy; and that he has done this on numerous occasions in the past.
“ That the lapse of four days between the so called initial attack and the petitioner’s subsequent hospitalization, without the calling of a physician did in the opinion of the Board speak against the occurrence of a severe and acute coronary episode on November 25, 1959. Further the petitioner points to the right scapular area, indicating that this was the area where he first suffered his pain; he also states that the pain persisted *485 in this area for some 48 hours. This is the most unusual distribution for pain in consideration with a coronary thrombosis, especially an anterior wall infarction. The Board found nothing in all the evidence submitted as well as its interrogation and examination to cause it to alter its original opinion.”
Who then is to determine what appears to be a difference of opinion by qualified physicians as to causation?
In Matter of Nilsson v. La Guardia (259 App. Div. 145, 148, supra), the court held that “ neither the court nor a jury may substitute its judgment for that of the statutory medical board which is legally empowered to make the determinations of the relevant medical questions involved here.” The court further stated “If he had shown that its findings were not amply sustained by competent evidence or that they were or must have been, due to fraud, bad faith, accident or mistake, there would have been a basis for judicial relief” (Thompson v. Valentine, 263 App. Div. 334; Matter of Feller v. Wagner, 7 A D 2d 126).
The petitioner argues that he was not given a full, open and fair hearing and right to controvert the medical testimony upon which the Medical Board rejected his claim.
The record shows that petitioner had a full opportunity and did in fact present everything in his power to present proof of causation and he substantiated his contention by his medical proof.
But as also stated in Matter of Nilsson v. La Guardia (supra, p. 148): “A mere difference of medical opinion of physicians produced by petitioner on the one hand and physicians of the medical board on the other, as to the nature and cause of petitioner’s disability, does not justify a conclusion that the decision made by the board of estimate acting on the advice of its own medical board was arbitrary, capricious or unreasonable ”.
The court finds that the record sustains the determination of the respondents. If there is both an adequate record and a rational basis for the determination, it should be affirmed (Matter of Eichler v. McElligott, 259 App. Div. 151). No triable issue within the court’s jurisdiction is thus shown on the pleadings. Accordingly, the application is denied and petition is dismissed.