In the Matter of REGINA E. MARTUCCI, Respondent, *v*. BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT PENSION FUND, Appellant.

First Department, February 21, 1963.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellant.

*Morris Weissberg* for respondent.

*Per Curiam.* The petitioner sought a review of a determination made by the respondent-appellant on June 13, 1961 which

denied petitioner's application, pursuant to subdivision b of section B19–6.0 of the Administrative Code of the City of New York, for a half-pay pension because of the claimed service-connected death of her husband, Anthony R. Martucci, a Battalion Chief in the Fire Department. Since a majority vote is required, the 12 to 12 vote of the appellant resulted in a denial of the petitioner's application.

The appellant argues that the determination here involved is not reviewable since the language of subdivision b of section B19–6.0 does not compel the appellant to determine whether death was service connected although it has the power to so decide; and that similar language was construed by the Court of Appeals in *Matter of Sheridan* v. *McElligott* (278 N. Y. 59) to be merely permissive, vesting discretion in the Fire Commissioner which is not reviewable by the courts.

The *Sheridan* case, decided in 1938, involved section 791 of the former Greater New York Charter, which provided that "the trustee of said relief fund shall have the power to award to the widow * * * a pension". (Local Laws, 1930, No. 24 of City of New York.) Subdivision b of section B19–6.0 of the Administrative Code of the City of New York enacted in 1940 eliminated the words "shall have the power to award to the widow," and substituted therefor the present words that "upon evidence submitted to it, shall have power to decide whether death so occurred and upon such decision shall award to the widow". The new statutory words impose a mandatory duty on the appellant to award a pension upon a determination of a service-connected death and that determination is reviewable. In addition thereto, *Matter of Schwab* v. *McElligott* (282 N. Y. 182) explains *Sheridan* and substantially dilutes the appellant's interpretation.

In any event, since the appellant exercised the power given by the Administrative Code and denied the petitioner's application, there is a clear right of review.

The appellant concedes that if the court finds reviewability the matter should be remanded on grounds of procedural irregularity. The remaining question is whether or not the petitioner is entitled to the complete adversary procedure directed by the court below. To support her position that she is entitled to this type of procedure, *Matter of Kilgus* v. *Board of Estimate of City of N. Y.* (308 N. Y. 620) is cited and relied upon. However, that case interpreted a different section of the Administrative Code and did not direct a complete adversary procedure. Subdivision b of section B19–6.0 of the Administrative Code provides for a determination "upon evidence submitted to it"; but this does

not require a complete adversary proceeding. (*Matter of Daley v. Board of Estimate of City of N. Y.,* 267 App. Div. 592, 601.)

Accordingly, the order appealed from should be modified, on the law, without costs, by deleting the third decretal paragraph and by deleting from the second decretal paragraph everything following the word " respondent ", and as modified, affirmed.

RABIN, J. P., MCNALLY, STEVENS, STEUER and NOONAN, JJ., concur.

Order, entered on or about April 18, 1962, unanimously modified, on the law, by deleting the third decretal paragraph and by deleting from the second decretal paragraph everything following the word " respondent ", and as modified, affirmed, without costs.