Erabcis B. Morait, J.
This is an article 78 proceeding to enjoin the respondents from continuing in excess of its jurisdiction. The facts are essentially undisputed. A brief recitation thereof may be helpful in understanding the nature of the relief requested.
JLn December, 1968, the respondents, Carolyn S. Bratt and Marilyn J. Patrick, were asked to coach the Eastwood Junior High School girls’ extramural basketball team by the school’s girls’ physical education teacher. This extramural program involves a somewhat informal competition between the city’s junior high schools. At that time no extramural coaches, male or female, received compensation.
Some time in March of 1969 compensation was received by the male coaches of the junior high school boys ’ basketball team. The two female teachers were not paid and requested payment on the grounds that they were basketball coaches within the meaning of the teachers ’ collective bargaining agreement. When payment was refused both women filed grievances under the grievance procedure of the collective bargaining contract between the petitioner and teaching personnel.
These grievances were processed through Stage 3-Board of Education hearing. Before the board’s decision was rendered, the teachers filed complaints with the State Division of Human Bights alleging discrimination on the grounds of sex by reason of their failure to be paid for their services as coaches. The petitioner thereupon suspended further consideration of the grievance under the afore-mentioned collective bargaining agreement. The matter was then acted upon by the petitioner and the State Division of Human Bights at various conciliation meetings. The petitioner partook of these proceedings with the division voluntarily and without reservation of any rights. After various negotiations between the petitioner and the division, these two parties executed a conciliation agreement dated July 15,1970, the terms of which were acceptable to the petitioner and the division’s representative. It was the prerogative of the teachers to object to the terms of this agreement, which they did. The division then noticed the matter for a hearing. Shortly thereafter the petitioner brought on this proceeding claiming that the State Division of Human Bights had no jurisdiction to hear this case.
*681 The remedy of prohibition is an extraordinary one and should be invoked only in those cases where the jurisdiction claimed is patently unauthorized. A very recent case which emphasizes this principle is Matter of Greater N. Y. Corp. of Seventh Day Adventists v. Commission on Human Rights of City of N. Y. (27 N Y 2d 898). Certainly the acts complained of in this case are judicial in nature, bringing the proceeding within the scope of an article 78 proceeding. Substantial rights are involved here. (Matter of Nash v. Brooks, 276 N. Y. 75.)
The question to be resolved is whether the State Division of Human Rights is about to act in excess of its jurisdiction. In determining this, the court has found that the substances of the grievances before each administrative body in each case are the same, namely that complainants were not paid for their services as coaches, thereby denying them equal terms and conditions of employment because of their sex. The petitioner does not seriously dispute this finding but claims that the division wants to enlarge the complaint and delve into policy matters which are outside the scope of its jurisdiction.
In support of its position that there is no jurisdiction, the petitioner cites subdivision 9 of section 297 of the Executive Law, which states in part: “No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section.”
The petitioner also cites part of section 300 of the Executive Law: “If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein. ’ ’
These two sections which are part of article 15 of the Human Rights Law taken together must be construed to mean that the division does not have any jurisdiction over a matter which was initiated before another administrative agency. This is the position the petitioner urges and it is correct.
But there is more to the facts however which removes this case from a determination on that point alone. Since the petitioner appeared before the division, participated in conciliation meetings and entered into a conciliation agreement which was executed by the petitioner and the division, the petitioner has waived any jurisdictional questions which it might have raised prior to its general appearance before the division. Having proceeded thus far in conjunction with the complaint before the Human *682 Bights Division, the petitioner should continue to proceed in that fashion until the charges are ultimately decided. Any possible errors concerning scope of inquiry, etc., certainly may be corrected on appeal.