■ In the Matter of ROSALIE BULGER, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND ARTICLE 2, Appellant.—Judgment, Supreme Court, New York County, entered in this article 78 proceeding on April 3,

1975, granting the petition herein, annulling the determination of respondent Board of Trustees of the Police Pension Fund Article 2, and awarding petitioner "the accidental death benefits applied for," modified, on the law, without costs and without disbursements, and the matter remanded to the Supreme Court, New York County, for a trial of the issues raised in the pleadings herein. The majority of this court concurs in the sentiments expressed by the Justice sitting at Special Term, but, even in this most unusual and somewhat bizarre matter, we believe that he lacked the power, on the present record, to award petitioner the pension denied her by respondent. We are mindful of the settled rule that "Where * * * there is a difference of opinion between doctors as to the cause of petitioner's disability, respondent's determination, based upon the advice and recommendation of its Medical Board, cannot be said to be arbitrary and capricious [citing cases]." *(Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954.) We also acknowledge the authority of the cases cited in the dissent, with which we are fully familiar. However, we cannot close our eyes to the fact that, in this instance, the medical board apparently to some extent relied upon the findings in the autopsy report, which report initially listed the cause of death as "acute tracheobronchitis and laryngeal anomaly". This autopsy report was challenged by petitioner. She also challenged the description of the deceased as reported in the same report. It stated that he weighed approximately 220 pounds, had brown eyes and had a great quantity of rice in his stomach. It developed that the deceased weighed about 40 pounds less, had blue eyes and allegedly had not eaten any rice at his last meal. As a result of the challenge by petitioner, the Chief Medical Examiner, Dr. Milton Helpern, thereafter struck the cause of death, as originally stated, and changed it so that the final autopsy report, now before this court, shows cause of death as "undetermined history of fatal syncope of unknown origin". In view of the above we conclude that fairness mandates that a deviation from the established rule should be permitted and a full hearing held. Concur—Markewich, Kupferman and Capozzoli, JJ.; Stevens, P. J., and Silverman, J., dissent in part in the following memorandum: Stevens, P. J. and Silverman, J. (dissenting in part). The medical board's determination that the deceased police officer did not die as a result of a heart condition was supported by factual evidence summarized in the medical board's report. There is no room for a contention that the medical board acted arbitrarily or capriciously without competent evidence. "In such case, the determination of the administrative body based upon the report of the medical board may not be disturbed. * * * A mere difference in medical opinion of physicians produced by petitioner on the one hand and physicians of the medical board on the other, as to the nature and cause of petitioner's disability, does not justify a conclusion that the decision made by the board of estimate acting on the advice of its own medical board was arbitrary, capricious or unreasonable." *(Matter of Nilsson v La Guardia,* 259 App Div 145, 148; accord *Matter of Drayson v Board of Trustees of Police Pension Fund of City of NY,* 37 AD2d 378, 381, affd 32 NY2d 852; *Matter of Thomasson v Valentine,* 263 App Div 334, 336; *Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954.) Accordingly, the order and judgment appealed from should be reversed and the petition dismissed.