Arnold Guy Fraiman, J.
By this article 78 proceeding, petitioner seeks a judgment reversing a determination of respondent the New York City Employees’ Retirement System which denied his application for accident disability retirement. Petitioner was employed as a "craneman” for the department of sanitation. He alleges that on February 9, 1974, while operating a crane inside the Betts Avenue incinerator, he was overcome by heavy fumes resulting from the combustion of a quantity of stripping from electrical cable, which had been fed into the hopper. The following day was a Sunday, but he returned to work on Monday, February 11. However, this *881 was the last day on which he worked. In the succeeding weeks he saw several doctors for treatment and X rays, and in May, 1974, in Columbus Hospital, a lung tumor was excised by petitioner’s personal physician. Thereafter, in September, 1974 petitioner submitted a claim for retirement based upon his alleged incapacity resulting from an accidental injury.
In connection with the investigation of his claim, respondent’s medical board obtained petitioner’s medical records from Columbus Hospital. These indicated that petitioner was suffering from a metastatic carcinoma of the lung. In August, petitioner had been examined by the sanitation department’s deputy chief medical officer, Dr. Schiller, who found that petitioner was disabled but that there was no causal connection between his occupation and his condition, and he recommended that he be retired for ordinary disability. A copy of this report was also obtained by the medical board.
The board conducted a personal interview of petitioner, reviewed the hospital records and the report of Dr. Schiller, and also certain materials furnished it by petitioner. Included among the latter was a finding by the Workmen’s Compensation Board that petitioner’s condition was work related and a similar opinion by his personal physician. Nevertheless, on January 16, 1975, the board certified that his incapacitation was not by reason of an accidental injury, and denied his application for accident disability retirement. Basis for its determination was that plaintiff’s cancerous condition was not related to the incident of February 9, 1974. Upon being informed of this determination, petitioner applied for reconsideration, for leave to produce additional medical evidence and for an opportunity to have medical testimony taken. While the board agreed to reconsider the matter, and accepted additional material from petitioner, it declined to hear oral testimony by petitioner’s medical experts, and on August 14, 1975 the board reaffirmed its earlier determination, on the ground that "there is no proof given us that (petitioner’s) carcino [sic] was caused by an(y) environmental factors that he encountered in the performance of his duties as a Crane Engineman.” Respondent accepted the board’s determination and denied petitioner’s application on October 10, 1975.
Petitioner alleges that the refusal of the board to permit him to present witnesses and to have a full hearing constitutes a denial of due process. He further contends that respondent was bound by res judicata to adopt the findings of the *882 Workmen’s Compensation Board. As to the latter claim, both the Administrative Code of the City of New York (§ B3-45.0, subd c) and the case law hold that respondent is not bound by a determination of the Workmen’s Compensation Board. (Matter of Croshier v Levitt, 5 NY2d 259.) Nor does the fact that the medical board’s determination was contrary to the opinions of petitioner’s own physicians render it arbitrary and capricious. (Matter of McGovern v Lowery, 39 AD2d 518, affd 32 NY2d 954; Matter of Thomasson v Valentine, 263 App Div 334.) So long as there was some credible evidence to support' the board’s finding, the court cannot substitute its judgment for that of the board. (Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y, 37 AD2d 378; Matter of Nilsson v LaGuardia, 259 App Div 145.)
Despite the foregoing, the court is sorely troubled by the refusal of respondent to permit petitioner to present medical testimony to support his claim. The court is aware that the cases do not require a full-scale adversary hearing in order for there to be compliance with due process. (Matter of Meschino v Lowery, 31 NY2d 772; Matter of Martucci v Board of Trustees of N Y. Fire Dept. Pension Fund, 18 AD2d 3.) However, in the Meschino case (supra), petitioner was afforded an opportunity to present oral testimony to the retirement board, while the Martucci decision (supra) is not clear on this point.
Petitioner apparently worked in a sanitation department incinerator for most of the seven years of his employment. While it seems evident that the single incident on February 9, 1974 was not the sole causative factor inducing petitioner’s lung cancer, it is not so apparent that his continuous exposure to the fumes constantly emanating from the incineration of the garbage and waste materials at the facility where he was employed was not the competent producing agent for his condition. Within the past few years, there have been numerous articles in respected medical journals and in the press indicating that there is a positive relationship between certain environmental pollutants and cancer. Petitioner should be allowed an opportunity through oral testimony, to establish a connection, if he can, between his continued exposure to certain pollutants as a result of his employment, and his contraction of lung cancer. Finally, while, as noted, the determination of the Workmen’s Compensation Board is not binding upon respondent, it lends further credence to petitioner’s *883 claim, and also militates in favor of permitting him a fuller opportunity to present his evidence than has heretofore been afforded him. For the foregoing reasons, the petition is granted and the determination of respondent is set aside and the matter remanded for a further hearing in accordance with this opinion. It should be noted that subsequent to the commencement of this proceeding petitioner died. However, this does not render the issue moot inasmuch as the benefits accruing to his widow will be affected by whether the deceased’s retirement is for ordinary or accident disability reasons.