In the Matter of the Application of THOMAS F. DOHERTY, Petitioner, Appellant, for an Order under Article 78 of the Civil Practice Act, against JOHN J. MCELLIGOTT, as Fire Commissioner of the City of New York and as Trustee of the New York Fire Department Relief Fund, Respondent.

First Department, December 18, 1939.

*Reginald Field* of counsel [*Field & Field*, attorneys], for the appellant.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondent.

COHN, J.   On June 29, 1937, the petitioner Thomas F. Doherty was a captain in the fire department of the city of New York. While off duty on that date he met with an accident resulting in a fracture of the left thigh bone.   Following a physical examination, the medical board of the fire department reported to the fire commissioner, respondent herein, that petitioner was permanently physically disqualified for the performance of his duties.   Before acting on this report respondent gave to petitioner the opportunity to present any proof with respect to his alleged disability. Petitioner availed himself of the privilege of submitting proof and endeavored to establish that he was not permanently disabled. The minutes of the hearing were then referred to the members of the medical board, who, after consideration thereof, adhered to their previous recommendation.   Thereafter and on November 1, 1938, Doherty was retired upon order of the fire commissioner.

After setting forth these facts, petitioner further alleges in his petition that, except for a " nominal " shortening of his leg, the effects of his injury will soon completely disappear.   It is also asserted that the report of the medical board, upon which the fire commissioner acted, was contrary to the true state of facts.

At the Special Term petitioner moved for an order to review the determination of respondent and to direct respondent to restore him to his position in the fire department.   A cross-motion was made by respondent, pursuant to section 1293 of the Civil Practice Act, to dismiss the petition for insufficiency.   Petitioner now appeals from the order denying his motion and from the order granting respondent's motion.

Petitioner claims to be entitled to a judicial review of the evidence taken before the commissioner by virtue of the provisions of subdivisions 6 and 7 of section 1296 of the Civil Practice Act on the ground that there was no competent proof of the facts necessary to be proved in order to authorize the retirement order and that such proof as may exist preponderates in favor of petitioner.   He also asserts that under section 1295 and subdivisions 1, 4 and 5 of section 1296 he has the right to a review of the determination of which he complains.

In its opinion the Special Term correctly stated that the matter was not one that should be transmitted to the Appellate Division pursuant to section 1296 of the Civil Practice Act.   It is only where the determination under review was made as a result of a hearing held and at which evidence was taken, pursuant to statu-

tory direction, that the court is required to make an order directing the proceedings to be transferred for disposition to a term of the Appellate Division. (Civ. Prac. Act, § 1296; *Matter of Brenner* v. *Bruckman*, 253 App. Div. 607; appeal dismissed, 278 N. Y. 503.) There is no provision in the statute which grants to a member of the fire department the right to a formal hearing upon the question of his retirement for physical disability. (N. Y. City Administrative Code, § B19–5.0 [Laws of 1937, chap. 929].) Though in this case respondent accorded petitioner a hearing, the latter was not entitled thereto by statutory mandate; hence there is no power to examine into the question as to whether under subdivision 6 or subdivision 7 of section 1296 of the Civil Practice Act the weight of the evidence sustained the determination.

As the petition was dismissed for insufficiency, all allegations stated therein are deemed true. Petitioner's uncontradicted claims that he was making an excellent recovery from his injury, that the report of the medical board was contrary to the facts and unsupported by any evidence and that no ground existed for his retirement were sufficient allegations of fact to entitle him to judicial relief.

Under the law petitioner could not be removed from his position as captain in the fire department except upon written charges after reasonable notice and upon a public hearing (N. Y. City Administrative Code, § 487a–12.0), and such hearing is subject to a review by the court. Clearly it would be equally improper for an administrative official to remove him from his position by forcing him to retire if there were no basis in fact for such an order. Where it is demonstrated that respondent or the medical board has acted upon false information or through fraud or mistake, or without evidence to support its determination, petitioner would be entitled to relief under article 78 of the Civil Practice Act. (*Matter of Hodgins* v. *Bingham*, 196 N. Y. 123; *People ex rel. Hultman* v. *Gilchrist*, 114 Misc. 651, 658; affd., 196 App. Div. 964; affd., 232 N. Y. 598; *Matter of County of Ulster* v. *State Dept. of Public Works*, 211 App. Div. 629; affd., 240 N. Y. 647; *People ex rel. Lodes* v. *Dept. of Health of City of N. Y.*, 189 id. 187.) It may well be that when such circumstances as exist here are properly set forth by answer, they will establish that petitioner's retirement was wholly justified. However, in the absence of a return setting forth all the facts as known to respondent, this petition should not have been dismissed. In the case of *Matter of Hodgins* v. *Bingham* (*supra*), which involved the involuntary retirement of a member of the police department under conditions somewhat similar to those claimed to prevail here, the Court of Appeals said (at p. 126): " Inasmuch, therefore, as the

power of the police commissioner to retire and dismiss under section 354 is coupled with the power to grant a pension it was doubtless intended that the commissioner should base his action upon the information derived from the certificates of the surgeons of police, but we find nothing in these provisions of the statute that makes such certificates conclusive evidence of his disability, where the order for his retirement is made in opposition to his wishes and to his claim that he is possessed of good health and is fully able to discharge all of the duties of his position. As we have seen, he has alleged that the certificates of the police surgeons are wrong and false; that he is strong and able-bodied, fully fit physically for the performance of his duties. We think, therefore, that if issue is joined upon this allegation he has a right to have it tried and determined."

In view of the averments of this petition, respondent is obliged to serve upon petitioner a verified answer which must " contain proper denials and statements of new matter, as in an action, and must set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of " and such other proof as is required by section 1291 of the Civil Practice Act. Petitioner is thereafter afforded the opportunity of replying to any matter other than denials set forth in the answer. (Civ. Prac. Act, § 1292.)

Upon the return day of the application, if no triable issue of fact is raised by the pleadings and accompanying papers, the court may forthwith render such final order as the case requires. (Civ. Prac. Act, § 1295.) This section empowers the court to dispose of the cause summarily just as it might in an action under rule 113 of the Rules of Civil Practice where it determines that there are no triable issues of fact. (See comment on § 1295, Civ. Prac. Act, in Report of Judicial Council [1937], pp. 187 and 188; *Matter of Ackerman* v. *Kern*, 256 App. Div. 626, 630; affd., 281 N. Y. 87; *Matter of Gardiner* v. *Harnett*, 255 App. Div. 106.)

The Administrative Code now provides as follows with reference to the retirement of a member of the fire department from service:

" § B19–5.0. Payment of pensions; disability; retirement from service. a. Such commissioner shall have the power to retire from all service in such department, or to relieve from service at fires, any officer or member of the uniformed force of such department who, upon an examination by the medical officers ordered by such commissioner, may be found to be disqualified, physically or mentally, for the performance of his duties. Such officer or member so retired from service shall receive from such relief fund an annual allowance as pension in case of total disqualification for service, or as compensation for limited service in case of partial disability.

In every case such commissioner shall determine the circumstances thereof, and such pension or allowance so allowed is to be in lieu of any salary received by such officer or member at the time of his being so relieved or retired from fire duty in such department."

The fire commissioner is thus empowered to retire a member of the uniformed force who is found to be physically or mentally disqualified by the medical officers. The commissioner is also required to determine the circumstances. Hence, if at any time in the proceeding under article 78 it is made to appear that pursuant to the provisions of the Administrative Code the fire commissioner retired petitioner upon an examination by medical officers ordered by the said fire commissioner; that petitioner was reported by them to be disqualified physically or mentally for the performance of his duties; that such report of the medical board was not founded upon fraud, mistake or false information, but was based upon evidence; and that the commissioner awarded petitioner the pension which the statute provides, then it would be proper for the court forthwith to render such final order as the case might require. Recently it has been held that in a proceeding to review a determination of the medical board of the New York city employees' retirement system denying an application for retirement for accident disability, no issue of fact is presented where the evidence before the board amply sustains its determination. (*Matter of Rosenberg* v. *Board of Estimate*, 257 App. Div. 839; affd., 281 N. Y. 835.) In this case, however, in view of the unchallenged claim of petitioner that, though in good physical condition, he has been forced into permanent retirement against his wishes and that there is no competent evidence to sustain such a determination, the Special Term was not warranted in dismissing his petition and thus leaving him without redress. The determination made by respondent and by the medical board in the case at bar affected substantial rights and not what was merely the promulgation of an administrative regulation. (*Matter of Nash* v. *Brooks*, 276 N. Y. 75, 82.)

*Matter of Sheridan* v. *McElligott* (278 N. Y. 59), upon which respondent relies, is not in point. There the Court of Appeals had under consideration a case involving application of the language of section 791 of the Greater New York Charter. By that statute it is provided that in the event of death resulting from active duty, the trustee of the relief fund " shall have the power " to award the widow of a deceased member of the uniformed force a sum not more than half his salary, but such award shall not be less than $600. It was held that the fire commissioner in such case, as trustee of the relief fund, is vested with absolute discretion, not reviewable by the courts, to award a pension in an amount not to exceed one-half of his salary

but in no event less than $600. Nor do we think *Matter of Phillips* v. *McElligott* (279 N. Y. 792) conclusive upon the question here. That case was decided after a trial before a jury at which evidence of all of the pertinent facts was adduced. This court (254 App. Div. 863) set aside the findings of the jury and refused to sustain a verdict which sought to overthrow an administrative act of the fire commissioner as being unreasonable and arbitrary where there was competent evidence to sustain the act. The Court of Appeals affirmed without opinion the order of this court.

For all of the foregoing reasons we hold that the motion to dismiss the petition should not have been granted. The order granting respondent's motion to dismiss the petition should be reversed, with ten dollars costs and disbursements to the appellant, and the said motion denied. The order denying petitioner's application for an order of reinstatement should be modified to the extent of requiring respondent to make answer to the petition, and, as so modified, affirmed, with ten dollars costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Order granting respondent's cross-motion to dismiss petition unanimously reversed, with ten dollars costs and disbursements to the appellant, and the said motion denied. Order . denying petitioner's application for reinstatement unanimously modified to the extent of requiring respondent to answer the petition, and, as so modified, affirmed, with ten dollars costs and disbursements to the appellant.