In the Matter of the Application of GEORGE A. EICHLER, Petitioner, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against JOHN J. McELLIGOTT, as Fire Commissioner of the City of New York, and as Trustee of the New York Fire Department Relief Fund, Appellant.*

First Department, March 15, 1940.

*James Hall Prothero* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellant.

*Herman A. Gray* of counsel [*Maxwell M. Booxbaum*, attorney], for the respondent.

COHN, J. After an examination formally conducted by the medical officers of the fire department, petitioner was found by them to be physically disqualified for the performance of any duty; they also found that such disqualification was not caused or induced

---

* Revg. 169 Misc. 848.

in the discharge of duty. The fire commissioner was accordingly empowered by statute upon the basis of such findings to retire petitioner from all service in the department and to retire him on half pay. (Greater New York Charter, § 790; *Matter of Phillips* v. *McElligott*, 279 N. Y. 792.) In view of the proof adduced upon the trial which established that there was evidence to sustain the departmental order retiring petitioner, and in the absence of any showing of fraud, accident or mistake, there was no justification for the peremptory order of the Trial Term entered upon the verdict of the jury reinstating petitioner with full pay. (*Matter of Sullivan* v. *Board of Estimate*, 281 N. Y. 766; *Matter of Rosenberg* v. *Board of Estimate*, Id. 835; *Matter of Doherty* v. *McElligott*, 258 App. Div. 257; *Matter of Nilsson* v. *La Guardia*, 259 id. 145.) A mere difference of medical opinion of physicians produced by petitioner and those of the statutory medical board, as to the nature and cause of petitioner's disability, does not justify a finding that the determination made by the fire commissioner acting on the advice of such statutory medical board was arbitrary or capricious. (*Matter of Strauss* v. *Hannig*, 256 App. Div. 662, 664; affd., 281 N. Y. 612; *Matter of Schwab* v. *McElligott*, 282 id. 182.) The petition should have been dismissed after trial upon the merits.

The order should be reversed and the petition dismissed, with costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY and CALLAHAN, JJ., concur; O'MALLEY, J., dissents and votes to affirm.

O'MALLEY, J. (dissenting). Under the provisions of section 790 of the Greater New York Charter, the fire commissioner, on October 1, 1936, upon certification of the medical board of the fire department that the petitioner was permanently physically disqualified for the performance of duties in the uniformed force, was entitled to retire him from service or to relieve him from service at fires.

There is nothing in this section which authorizes the medical board to certify whether the disability was service-incurred or whether the member of the department was able to perform light duties. Those functions rested upon the commissioner, for the section provides that " in *every case*, the said fire commissioner is to determine the circumstances thereof   *   *   *." (Italics mine.) It is further provided that " should permanent disability caused by injuries received in the active discharge of his duties disqualify him only from performing active duty in the uniformed force, he *shall* be employed at the salary received when such disability occurred in some position in the department not requiring active service as a fireman." (Italics mine.)

It was incumbent upon the fire commissioner, under the statute then in effect, as an administrative officer, to determine as a matter of fact whether the disability was service-incurred and, if so, whether the member of the department was, nevertheless, able to perform duties not requiring active service as a fireman. If both questions were resolved in favor of the member of the department, it was mandatory under the provisions of the charter section for the fire commissioner to assign him to some light work not requiring active service as a fireman at his same salary.

Here, the fire commissioner did not afford proper opportunity to the petitioner of presenting his proof with respect to these questions but relied upon the certificate of the medical board which went beyond its powers in this respect.

In making a determination of this nature, the fire commissioner is not bound by technical rules of procedure. Nevertheless, " ' no essential element of a fair trial can be dispensed with.' " (*Matter of Roge* v. *Valentine*, 280 N. Y. 268, 279.) A fair trial under these circumstances connotes the right to confront opposing witnesses, to cross-examine them and to present evidence. (*Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343, 347.)

Accepting so much of the report of the medical board as certified that he was physically incapacitated from performing active duty in the uniformed force, petitioner was entitled to judicial review of the determination of the fire commissioner predicated upon an improper hearing and insufficient evidence.

The finding of the jury that the petitioner was disabled through service-incurred injuries and could perform some light work in the department, is amply supported by the evidence.

The cases cited in the prevailing opinion are not determinative. In *Matter of Phillips* v. *McElligott* (279 N. Y. 792) there was involved the *discretion* of the fire commissioner. As already noted, no discretion is here involved. In *Matter of Sullivan* v. *Board of Estimate* (281 N. Y. 766) section 790 of the Greater New York Charter was not under consideration. In *Matter of Rosenberg* v. *Board of Estimate* (281 N. Y. 835) the Court of Appeals merely held that, on the pleadings as presented, the Appellate Division had sufficient evidence without further adducement of facts to support its decision that there was no service-incurred disability. In the case before us there was ample proof to justify the jury's finding that there was a service-incurred disability. The evidence before the commissioner, on the contrary, was insufficient. In *Matter of Doherty* v. *McElligott* (258 App. Div. 257) this court held that the petition set forth sufficient facts to require the commissioner to answer. The precise question here involved was not

directly presented. Furthermore, the force of *Matter of Hodgins* v. *Bingham* (196 N. Y. 123), as to the right of an employee to controvert the certificate of a medical board, was recognized.

Under the circumstances, the order appealed from should be affirmed. I accordingly dissent and vote for affirmance.

Order reversed, with costs and disbursements, and the petition dismissed.