RUTH H. PIUS and BARNEY PIUS, Respondents, v. DEPOT LANE REALTY Co., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Cohn and Callahan, JJ.

THE PATENT SCAFFOLDING Co., INC., Appellant, v. ADVANCE STEEL SCAFFOLD CORP., Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Cohn and Callahan, JJ.

In the Matter of the Application of JOHN D. L. GOUGH, Petitioner, Respondent, for an Order Pursuant to Article 78 of the Civil Practice Act, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York and as Trustee of the Police Pension Fund, Appellant.— Final order unanimously reversed, with costs and disbursements to the appellant, and the petition dismissed, on the authority of *Matter of Eichler* v. *McElligott* (259 App. Div. 151; affd., 283 N. Y. 716). Settle order on notice. Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ.

P. WALKER MORRISON and Others, as Trustees, etc., Respondents, v. PHILIP WARREN, as Trustee in Bankruptcy of ESTELLE S. FIELDS, Doing Business under the Firm Name and Style of KLEEN-RITE PROCESS Co., KLEEN-RITE PROCESS CORPORATION, Appellants, and FRANKLIN NATIONAL INSURANCE COMPANY, Respondent. PHILIP WARREN, as Trustee in Bankruptcy, etc. Appellant, v. FRANKLIN NATIONAL INSURANCE COMPANY OF NEW YORK, Respondent. (ISIDORE ROSE, Appellant.) — Interlocutory judgment unanimously affirmed, with costs to the respondents against Philip Warren, as trustee, etc. No opinion. Present — Martin, P. J., Untermyer, Cohn and Callahan, JJ.

## (December 13, 1940.)

NATHAN G. GOLDBERGER, Respondent, v. BEATRICE GELLERT and Others, Defendants, Impleaded with HENRIETTA FREY, Individually and as Executrix and Trustee, and LOUIS GELLERT, as Executor, of the Last Will and Testament of MARY D. BROWN, Deceased, Appellants.

PER CURIAM. According full weight to all the testimony adduced before the official referee and taking into consideration all the elements which may be fairly considered as affecting the market value of the property here involved (*Heiman* v. *Bishop*, 272 N. Y. 83), we think that the fair market value as of the date of sale was $11,000 and not $9,000 as fixed by the Special Term. The deficiency judgment entered herein should be reduced accordingly.

The order and the judgment should be modified as indicated, and, as so modified, affirmed, with costs to the defendants-appellants.

Present — Martin, P. J., Glennon, Untermyer, Cohn and Callahan, JJ.

Order and judgment unanimously modified as indicated in opinion, and as so modified affirmed, with costs to the defendants-appellants. Settle order on notice.