In the Matter of the Application of NATALE M. MARESCA, Petitioner, Respondent, for an Order under Article 78 of the Civil Practice Act, against JOHN J. McELLIGOTT, as Commissioner of the Fire Department of the City of New York, and as Trustee of the New York Fire Department Relief Fund, and JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Appellants.

First Department, June 18, 1941.

*Charles F. Murphy* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellants.

*Albert B. Breslow,* for the respondent.

COHN, J. This is an appeal from a final order made in a proceeding instituted under article 78 of the Civil Practice Act which directs as of June 16, 1939, the reinstatement of respondent as a member of the uniformed force of the fire department at his former salary of $3,000 per annum and his assignment to light duties not requiring active service at fires. The order also denied appellants' cross-motion made pursuant to section 1293 of the Civil Practice Act to dismiss the petition for legal insufficiency.

Respondent was appointed a member of the uniformed force of the fire department of the city of New York on May 17, 1934. Thereafter, following numerous sick leaves during the years 1936, 1937 and 1938, which respondent was compelled to take because of his poor physical condition, the medical board of the fire department was directed by the fire commissioner to make a medical examination of respondent.

In March, 1939, the board examined respondent and reported to the commissioner that it had found respondent suffering from chronic bronchial asthma which " totally permanently physically disqualified [him] for the performance of his duties as a member of the uniformed forces " of the department and further found that the " disability was not caused in or induced by the actual performance of the duties of his position." Acting upon such report, the fire commissioner ordered the retirement of respondent on an annual pension of $1,000, that is, one-third pay, because of total permanent disability occurring before the expiration of ten years of continuous service and not caused in or induced by the actual performance of the duties of his position.

Since the medical board had reported that respondent was disqualified for the performance of " his duties " but did not certify as to his disqualification from the performance of " any duties," the Special Term held that respondent was entitled to be reinstated at full pay to such light duties as the medical officers of the department may certify him to be qualified to perform. This determination was made solely upon the petition of respondent.

We think that the court erred in its conclusion. If we are to assume as correct the determination of the fire commissioner to the

effect that respondent was totally permanently disqualified and that such disqualification was a non-service-connected disability, then, under mandate of the statute, the fire commissioner's direction that respondent be retired from the department at one-third pay was clearly correct, for concededly respondent's disability occurred before the end of ten years' service. (Administrative Code of New York City, § B19–5.0, subd. a, pars. 3 and 5.) The court, accordingly, should not have made the final order directing respondent's reinstatement to light duties at full pay. If respondent is in a position to establish, as he alleges, that his disability was caused or induced by " continuous exposure to smoke, fire, cold and wetness in the performance of his duties," then the amount of pension to be allowed him would be not less than three-fourths of his salary at the date of his retirement. (Administrative Code of New York City, § B19–5.0, subd. a, pars. 1 and 4.)

However, the Special Term properly denied appellants' cross-motion to dismiss the petition. As appellants did not answer the petition but moved for an order dismissing it as a matter of law, they thus conceded the truth of the facts asserted therein. (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 185; *Matter of Doherty* v. *McElligott*, 258 App. Div. 257, 260.) The petition of respondent, in addition to setting forth circumstances which led to his retirement, alleges that he developed bronchial asthma in the performance of his duty, thereby classifying his disability as one caused in or induced by the actual performance of the duties of his position. It also states the following: That respondent was not physically disqualified for the performance of his duties but was only partially disqualified so as to prevent him from performing active duty in the uniformed force but not from performing other duties in the department; that the fire commissioner had failed to inquire whether respondent was able to perform any duties of the uniformed force of the department; that the fire commissioner failed to examine into and determine the circumstances in connection with the cause of petitioner's disqualification as he was required by statute to do; and that his action was in violation of law, arbitrary, capricious and an abuse of discretion. In the absence of a denial of these material allegations, the petition could not be dismissed for legal insufficiency.

In the interests of orderly procedure and for the purpose of ascertaining all the facts, appellants should be required to serve upon respondent a verified answer containing proper denials and statements of new matter and such other proof as is required by section 1291 of the Civil Practice Act, with an opportunity to be afforded to respondent to reply (Civ. Prac. Act, § 1292). Upon the return

day of the application, if no triable issue is raised by the pleadings and accompanying papers, the court may render such final order as the case requires (Civ. Prac. Act, § 1295). Otherwise, there must be a trial of the issues raised by the pleadings. If there is to be a trial, proof may then be adduced to establish that there was evidence to sustain the departmental order retiring respondent. (*Matter of Eichler* v. *McElligott*, 259 App. Div. 151; affd., 283 N. Y. 716. See, also, *Matter of Sheridan* v. *McElligott*, 278 id. 59; *Matter of Phillips* v. *McElligott*, 254 App. Div. 863; affd., 279 N. Y. 792.)

In so far as the order directs the reinstatement of respondent as a member of the uniformed force at his former salary, it should be reversed, without costs, and the petitioner's motion denied, and in so far as the order denies the cross-motion to dismiss the petition for legal insufficiency, it should be affirmed, with leave to appellants to answer within twenty days from service of order to be entered hereon.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order, in so far as it directs the reinstatement of petitioner as a member of the uniformed force at his former salary, unanimously reversed, without costs, and said motion denied. Order, in so far as it denies the cross-motion to dismiss the petition unanimously affirmed, with leave to the defendants to answer within twenty days after service of order.