In the Matter of WANDA H. ROTKIEWICZ, Petitioner, against DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Respondents.

Fourth Department, March 19, 1954.

*Salvador J. Capecelatro* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents.

McCurn, P. J. This is a proceeding under article 78 of the Civil Practice Act to review a determination dismissing the petitioner from her civil service position as head dining room attendant in the employees' cafeteria at Marcy State Hospital.

On February 2, 1953, petitioner was served with a notice charging her with incompetency as follows:

" CHARGE

Charge 1 — Incompetency.

Specification I — Failure to carry out the duties of your position of which you have received explicit instructions, as evidenced by the fact that on January 31, 1952 you served to the employees' portions of meat far in excess of prescribed ration allowance, resulting in coinsiderable wastage of foodstuffs.''

Petitioner, although not entitled to a hearing under the statute, nevertheless was accorded a hearing and questioned under oath by the acting director of the institution. Subsequent to the hearing, petitioner was notified that she had been found guilty of the charge of incompetency and that the punishment would be dismissal from the service.

No question is raised here as to compliance with the procedure for removal as established by section 22 of the Civil Service Law, and our inquiry is whether the charges are substantial and whether there is any evidence to support them (*Matter of Harvey* v. *Catherwood,* 268 App. Div. 1016, affd. 295 N. Y. 843; *Matter of Albano* v. *Hammond,* 268 N. Y. 104, 107).

The situation which gave rise to the charges against the petitioner is that complaints had come to the attention of Mr. Mason, business officer at the hospital, and Mr. Lyman, head clerk at the hospital, that employees who took their meals at west group cafeteria had been served inadequate portions of meat. On January 31, 1952, Messrs. Mason and Lyman went to the kitchen for the west group cafeteria and remained there and observed the cooks while they broiled about 153 to 164 pounds of beefsteak and sliced the same into portions for service to 171 employees. It was the petitioner's duty to personally serve and deliver all meat portions to the hospital employees partaking of the meals at the west group cafeteria. Messrs. Mason and Lyman were present in the kitchen and observed the slicing of the meat by the cooks and estimated that it was sliced into portions weighing approximately eight ounces each. They proceeded into the dining room where the petitioner served the meat in their presence, giving each employee two portions of the meat as sliced in the kitchen.

The cooks, dining room and cafeteria attendants and others, including the petitioner, had been instructed at a conference in the summer of 1950 to serve meat in portions of four ounces each. The determination of petitioner's incompetence was based upon the instance of January 31, 1952, when she obviously served portions in excess of four ounces.

Petitioner admitted on her oral examination before the acting director that she had never weighed portions of meat so as to become informed as to the proper size of a four-ounce portion. She claims and alleges in her petition that no sample portion of cooked beefsteak was displayed for guidance at the conference above mentioned. She further claims and alleges in her petition that the instructions were that allowance should be made for bones, fat and other inedible portions of the meat to be served. She further alleges '' that on the aforesaid date, a pan of cooked steak was delivered to her from the kitchen. That petitioner had no authority to further cook, cut or otherwise tamper with said meat so delivered to her from the kitchen for dispensation to the employees reporting in West Group Cafeteria. That many of the pieces of cooked steak so delivered to her contained bone and fat, some of the pieces of steak were well done, others not so well cooked ''. Such allegations of petitioner's petition are supported by affidavits of two other employees, as provided for in section 1288 of the Civil Practice Act.

While the respondents' answer denies such allegations, such denials are not supported by affidavit or any other showing of evidentiary facts, as required by section 1291 of the Civil Practice Act. In that situation there is no triable issue of fact as to the allegations above mentioned, and since the remaining essential facts are undisputed, the court may dispose of the matter in the same manner as upon a motion for summary judgment under rule 113 of the Rules of Civil Practice (*O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386, 395; *Matter of Doherty* v. *McElligott,* 258 App. Div. 257, 260; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626, 630, affd. 281 N. Y. 87; *Matter of Gardiner* v. *Harnett,* 255 App. Div. 106, 108).

The matter might properly have been disposed of by the Special Term but under the law this court may now dispose of it. (Civ. Prac. Act, § 1296; *Matter of Doherty* v. *McElligott,* 258 App. Div. 257, 260, *supra; Matter of Bailey* v. *Mangan,* 261 App. Div. 64, 70; *Matter of City Ice & Fuel Co.* v. *Public Service Comm.,* 260 App. Div. 537, 544.)

The acting director at the hearing stated to the petitioner: '' No one is accusing you of doing something you knew was wrong but the question is if you tried to inform yourself of what was right. You are doing a job, and are supposed to be competent.''

The affidavit of Mr. Mason, the business officer, is to the effect that official records of the institution showed that approximately 175 pounds of meat were furnished **each** day for one

meal to be partaken by approximately 210 employees. That record as to the amount of meat furnished for a given number of employees, together with petitioner's allegation that the cooks in the kitchen always sliced the portions of meat to be served and that she was not authorized to further cut or tamper with the portions, would make it appear that the charges to sustain the finding of incompetence on the part of the petitioner are unsubstantial, and we so find.

The record discloses without contradiction that petitioner was appointed to her position in 1941 after having successfully passed a competitive examination therefor, and had served continuously, except for a five months' leave of absence. It is admitted that at all times while in the employ of the State she had been awarded annual high ratings by the personnel board. A mere technical breach, if any, of the rule without wrongful intent is not sufficient to warrant the discharge of an employee with a record of satisfactory service (*People ex rel. Rigby* v. *Anderson,* 198 App. Div. 283, 285; *People ex rel. Winspear* v. *Kreinheder,* 197 App. Div. 887).

We reach the conclusion that the record presents no basis of fact for the determination, and that the same should be reversed, and the petitioner reinstated to her position. Petitioner, by virtue of section 23 of the Civil Service Law, is entitled to receive from the State her compensation from the date of removal, less the amount of compensation received from any other employment or occupation, to the date of restoration, and appropriate proceedings should be taken to determine the amount thereof.

The determination should accordingly be reversed, with $50 costs, and the petitioner reinstated to her position.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Determination annulled on the law and respondents directed to reinstate petitioner to her position, with $50 costs and disbursements to petitioner.