Joseph A. Suozzi, J.
Application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the respondent Board of Zoning Appeals wherein permission was granted to the respondent Wolfert Pores to use a building on the west side of Hicksville-Massapequa Road — 205.69 feet north of Fidler Lane, near Bethpage, New York, for the business of bonding, riveting or assembling automobile 'brake shoes.
The subject property is in a business district. Under the zoning ordinance, in a business district there may be permitted by the Board of Zoning Appeals after a public hearing a public garage, minor garage or motor vehicle repair shop (§ Z-5.0[c]). The applications of the respondent Pores for a building permit, and to the respondent Board of Zoning Appeals for a special exemption permit, described the requested use as automotive or auto repair and auto brake and clutch repairs.
The record reveals that the business to be conducted on the premises does not come within the category referred to in section Z-5.0(c), viz., a public garage, minor garage or motor vehicle repair shop. The proposed use is for the industrial bonding, riveting and assemblage of brake shoes. The respondent Pores testified inter alia, “ I’m a wholesaler, a distributor, a rebuilder, and a brake specialist. * * * No. [We do not work for individual car owners.] We sell to jobbers, gas stations, dealers, fleets, and almost anybody who can use automotive, industrial asbestos, or passenger-car asbestos linings * * * approximately 60 to 70% of my sales are in boxed merchandise.”
Accordingly, as it is clear that the proposed use is not one for which the respondent Board of Zoning Appeals may issue a permit, the determination of the board must be considered arbitrary and unreasonable (Matter of Von Kohorn v. Morrell, 9 A D 2d 949). Since the answer is not verified and does not contain a statement of the facts to show the grounds of the action taken, as required by section 1291 of the Civil Practice Act, and also as no affidavit or other written proof showing evidentiary facts entitling the respondents to a trial has been submitted, a final order will be signed granting the relief requested (Civ. Prac. Act, § 1297; Matter of Rotkiewicz v. Department of Mental Hygiene, 283 App. Div. 458, 461, affd. 307 N. Y. 847).